NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                              )
THE UNITED STATES SMALL BUSINESS )
ADMINISTRATION AS RECEIVER FOR )
PENNY LANE PARTNERS, L.P.,             )
                                              )
                    Plaintiff,             )
                                              )          Civil Action No. 08-1967 (GEB)
            v.                              )
                                              )          **MEMORANDUM OPINION**
DAVID STEFANSKY,                      )
                                              )
                    Defendant.           )
_____)

**<u>BROWN, Chief Judge</u>**

This matter comes before the Court upon Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners, L.P.'s ("Plaintiff" or "SBA") Motion for Default Judgment. (Docket Entry No. 7.) The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's Motion for Default Judgment

## I.       BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894. The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons

1

and Complaint was filed on June 4, 2008, which indicated that Defendant was served on May 29, 2008.  (Docket Entry No. 3.)  Thereafter, on June 26, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on July 7, 2008.  (Docket Entry No. 6.)  Plaintiff filed its Motion for Default Judgment on October 31, 2008.  (Docket Entry No. 7.)  On November 30, 2008, Defendant filed Answer to the Complaint but did not file opposition to the instant motion. (Docket Entry No. 9.)

## II.    DISCUSSION

Plaintiff, in support of its motion, argues that Defendant was properly served and that he failed to timely file answer.  (Docket Entry No. 7-2 at 8 to 9.)  Plaintiff also points out that default was entered against Defendant by the Clerk of Court on July 7, 2008.  (Id. at 9.)  Plaintiff argues that default judgment should be entered against Defendant because consideration of the factors outlined in Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), mitigate in favor of granting Plaintiff's motion.  Specifically, Plaintiff avers that "[i]n order to preserve the estate assets and avoid the unnecessary expense of defending against an unmeritorious claim or defense, default judgment should be entered."  (Id. at 11.)  Plaintiff also states that "Defendant does not have a meritorious defense" in that under the Limited Partnership Agreement that Defendant signed, Defendant is responsible for the balance of the unfunded capital commitment, but failed to pay it.  (Id.)  Plaintiff also points out that "Defendant has not presented any evidence or claim of a meritorious defense." (Id. at 15.)  Further, Plaintiff argues that Defendant's failure to respond should be construed as culpable conduct, and accordingly, the Court should enter judgment for the amount demanded in the Complaint.  (Id. at 16.)

2

Defendant did not file opposition to Plaintiff's motion, but he did file his Answer on November 30, 2008.  (Docket Entry No. 9.)

### A.    Default Judgment Standard

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint."  FED. R. CIV. P. 12.  Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

In addition, because entry of default is proper when a defendant has failed to defend an action filed against him, "the filing of a late answer is analogous to a motion to vacate a default" because "the party filing the late answer receives 'the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule 55(c) to set it aside.'" John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (quoting Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981)).  Federal Rule of Civil Procedure Rule 55(c) provides that a "court may set aside an entry of default for good cause."  FED. CIV. P. 55(c).   "A motion to vacate an

3

entry of default and an application for the entry of a default judgment are governed by identical standards." <u>Tellock v. Davis</u>, 2003 U.S. Dist. LEXIS 22892, at *3 (E.D.N.Y. Dec. 17, 2003); <u>see also, e.g.,</u>

Before entering default judgment or vacating entry of default, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." <u>Doug Brady</u>, 2008 WL 940782 (citing <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")); <u>Gold Kist, Inc. v. Laurinburg Oil Co.</u>, 756 F.2d 14, 19 (3d Cir. 1985). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." <u>Id.</u> (citing <u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. <u>Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc.</u>, No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990); <u>Directv, Inc. v. Asher</u>, No. 03-1969, 2006 U.S. Dist. LEXIS 14027,  at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" <u>Signs</u>, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting <u>Directv, Inc.</u>, 2006 U.S. Dist. LEXIS 14027, at *1

4

(citation omitted)).

### B.      Analysis

The Court concludes that default judgment should be granted and that the Entry of Default should not be set aside.  The Court takes into consideration that Defendant was served with a Summons and Complaint on May 29, 2008; that  Entry of Default was entered on July 7, 2008; that Plaintiff subsequently moved for default judgment on October 31, 2008; that the return date for the Motion for Default Judgment was set for December 1, 2008; and that Plaintiff never opposed that motion or moved to vacate default.  Instead, Plaintiff filed an answer to the Complaint on November 30, 2008.

Reviewing that Answer, the Court is unable to conclude that Defendant has a meritorious defense.  "A 'meritorious defense' is one which 'if established at trial, would completely bar plaintiff's recovery." Momah v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995). "A general denial is insufficient to overturn a default; rather, the defendant must assert specific facts supporting the existence of a prima facie meritorious defense." Directtv, Inc. v. Norton, 2005 U.S. Dist. LEXIS 37981, at *5 (M.D. Pa. Mar. 30, 2005) (citing Cassell v. Phila. Maint. Co., Inc., 198 F.R.D. 67, 69 (E. D. Pa. 2000)); see also United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196 (3d Cir. 1984) (holding that if an "answer is couched solely in conclusionary language" then setting aside Entry of Default is not appropriate).  Here, the Answer, although procedurally irregular, provided the vehicle by which Defendant could have delivered to this Court the "mitigating circumstances" so that this Court might consider whether either default judgment should be granted or whether it should set aside the Entry of Default.  Defendant failed to take that opportunity, and

5

rather provided conclusory statements of denial in the Answer without support or factual bases. Moreover, Defendant failed to provide a brief in opposition to the Motion for Default Judgment to give notice to the Court of the meritorious defenses that he might have.

In addition, the Court concludes that Plaintiff would be prejudiced if this matter were permitted to proceed. The Court further concludes that Defendant's culpable conduct in failing to timely or meaningfully participate in these proceedings necessitate this Court's judgment. Accordingly, Plaintiff's Motion for Default Judgment is granted.

Although Plaintiff has provided the Court with a copy of the LPA, and copies of three assignment and assumption agreements dated September 12, 1997 (Docket Entry No. 7-10 at 139 to 140), December 8, 1997 (Id. at 141 to 142), and February 2, 1999 (Id. at 143 to 144), these submissions require clarification. The Court notes that Defendant's name and signature appear on only two of the three assignment and assumption agreements, those dated September 12, 1997, and February 2, 1999. However, in the Affidavit of William Van Der Weele, he indicates that Defendant was a party to the assignment dated December 8, 1997. (Docket Entry No. 7-11 at ¶4.) The demand letter also indicates that the "Total Commitment" is $96,250.00, and the Court seeks clarification regarding the calculations to arrive at that figure. Further, it is not clear whether Defendant and his brother Jacob Stefansky are jointly liable for the amounts assumed, and whether this fact has been taken into account by the Receiver in its calculation of the unfunded capital contribution demanded in the subsequent demand letter dated March 11, 2008. (Docket Entry No. 7-10 at 154; Docket Entry No. 1 at ¶10.) The Court also seeks clarification regarding the amount which Plaintiff claims Defendant has already contributed. Box J(b) of the provided Schedule K-1 tax documents indicates that for years 1997 to 2003, Defendant contributed a total of $50,844.00, with nothing contributed

during years 2000, 2002, and 2003.  (Docket Entry No. 7-10 at 146 to 152.)  Further, the March 11,

2008 demand letter states that Defendant had contributed $72,562.00.  (Docket Entry No. 7-10 at

154.)

      Therefore, the Court will grant default judgment in favor of Plaintiff and will direct the

Plaintiff to file the above information within twenty days to assist the Court in its determination of

damages.  If Plaintiff fails to submit such evidence, the Court will hold a hearing to determine

damages.


III.    **CONCLUSION**

      For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment.  An

appropriate form of Order accompanies this Opinion.


Dated: May 14, 2009


                    s/ Garrett E. Brown, Jr.
                    GARRETT E. BROWN, JR., U.S.D.J.