NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | |
| Plaintiff, | |
| v. | Civil Action No. 08-1967 (GEB) |
| DAVID STEFANSKY, | **MEMORANDUM OPINION** |
| Defendant. | |

**BROWN, Chief Judge**

This mater comes before the Court upon Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners, L.P.'s ("Plaintiff" or "SBA") Motion for Reconsideration. (Doc. No. 18.) The Court has reviewed the Plaintiff's submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. The motion is unopposed. For the reasons that follow, the Court will deny Plaintiff's Motion for Reconsideration.

### I.  BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the related matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894. The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane

Partners, L.P." ("Penny Lane") against Defendant. (Doc. No. 1.) An Affidavit of Service for Summons and Complaint was filed on June 4, 2008, which indicated that Defendant was served on May 29, 2008. (Doc. No. 3.) Thereafter, on June 26, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on July 7, 2008. (Doc. No. 6.) Plaintiff filed its Motion for Default Judgment on October 31, 2008. (Doc. No. 7.) On November 30, 2008, Defendant filed Answer to the Complaint but did not file opposition to the Motion for Default Judgment. (Doc. No. 9.)

On May 15, 2009, the Court granted the Motion for Default Judgment but reserved on its determination of damages sum certain and ordered that Plaintiff provide the Court with additional, supporting information to justify the damages sought. (Opinion and Order, May 15, 2009; Doc. Nos. 14, 15.) After Plaintiff provided additional support, the Court denied Plaintiff's damages. (Order, Dec. 9, 2009; Doc. No. 17.) The Order denying the award of damages explained:

> The Court notes that while the Complaint states this action is a straight-forward breach of contract matter, upon the Court's request for additional clarifying information in support of damages, the Receiver asserted what amounted to be a "course of dealing" argument, requiring the Court to look beyond the four corners of the Limited Partnership Agreement and Assignment and Assumption Agreements. Essentially, the Receiver asserts that the Court should base its judgment on the "course of dealing" of Defendant, Jacob Stefansky, and Penny Lane Partners pre-receivership, and accordingly treat David and Jacob Stefansky as 50/50 owners of the interests acquired, despite the actual amount each individually contributed or the amount assumed by contract, as indicated by the signature of each on the Assumption and Assignment Agreements.

(Id. at ¶ 8.) The Court continued, and held that "the Receiver has not proven damages on the pleadings upon which default judgment is based and instead now presents proof of damages for a theory of liability not stated in the pleadings." (Id. at ¶ 9.)

2

Plaintiff filed a Motion for Reconsideration on December 23, 2009.  (Doc. No. 18.)  Defendant did not file opposition to the instant motion.

## II.     DISCUSSION

### A.     Plaintiff's Arguments

Plaintiff argues that the Court should reconsider its December 9, 2009 decision and award damages in favor of Plaintiff in the amount of $21,656.60 plus ten percent interest per annum from April 11, 2008.  (Pl.'s Br. at 10; Doc. No. 19.)  Plaintiff states that the Court "overlooked facts which showed that the December 1997 Agreement was modified and ratified to include Defendant David Stefansky as a party;" "mislabeled "course of dealing" for actions taken by David Stefansky, Jacob Stefansky and Penny Lane in modifying, ratifying and reaffirming the December 1997 Agreement;" "did not account the sequence of events that followed the December 1997 Agreement;" and "did not consider the counterpart signature page to the partnership agreement which David Stefansky executed on or about February 9, 1998."  (Id. at 1-2.)  Plaintiff maintains that "[t]he Stefansky defendants' liability to pay their unfunded capital commitment, whether jointly or severally, flows from the Penny Lane's Partnership Agreement."  (Id. at 9.)

### B.     Standard of Review

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1.  The United States Court of Appeals for the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an

intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999); see also L. Civ. R. 7.1(i). "The operative word in the rule is 'overlooked.'" Id. Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) (quoting Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

    **C.**    **Analysis**

Applying this standard to the facts of this case, the Court concludes that Plaintiff's motion for reconsideration must be denied. Plaintiff has not argued that there has been an intervening change in controlling law nor that reconsideration is necessary because there is new evidence. Plaintiff also does not argue that the Court made a clear error of law or should act to prevent manifest injustice. Rather, Plaintiff argues that certain facts were "overlooked" by the Court in reaching its decision. (Pl.'s Br. at 1-2; Doc. No.19.) However, all of the arguments and

factual citations made in Plaintiff's motion for reconsideration were stated previously in its submission in support of a determination of damages sum certain, and the Court previously considered each and every document and argument previously presented.  Further, contrary to Plaintiff's assertion that the Court "declined to consider the Assignment and Assumption Agreement dated December 8, 1997 . . . as proof of damages," the Court considered every document carefully and did not find that damages had been proven based on those documents.  (Id. at 1.)

In the previous motion, the thrust of Plaintiff's argument was that Defendant and his brother should be treated "50/50."  However, the "50/50" arrangement, as should be applied according to Plaintiff based on the course of dealing, was not stated in the pleadings.  (Doc. No. 16-1.)  The argument presented to the Court during the original motion emphasized the course of dealing between Defendant, his brother Jacob Stefansky, and Penny Lane Partners pre-receivership.  (Id.)  Plaintiff did not argue that the Court should award damages to Plaintiff for the entire amount of the unfunded capital or direct the Court's attention to a provision within the four corners of the Limited Partnership Agreement or Assumption and Assignment Agreements that provides the division of liability between the assignees.  Rather, Plaintiff argues that due to the course of dealing and its own mathematical error in computing the amount due, it should be entitled to $21,656.00 plus interest.  However, a motion for reconsideration is not a vehicle to reargue and reposition one's argument, and is instead an opportunity to point out anything that the Court "overlooked."  Nothing here was overlooked.

In addition, the pleadings do not set forth the theory of relief and the detail necessary to put Defendant on notice of the theory under which Plaintiff now presents to justify damages.  To

5

this end, the Court notes that it is the well-pleaded factual allegations stated in the complaint that the Court should accept as true when addressing a motion for default judgment. See Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citation omitted). The Court will not look to the additional proofs submitted in support of a determination of damages sum certain and permit a litigant to win damages on any theory other than the original theory of liability stated in the complaint that supported the default judgment. Defendant was served with a copy of the those pleadings, and therefore, it is only that theory of liability reflected in those pleadings upon which the Court can determine damages sum certain. Because the Court did not overlook any of the material Plaintiff submitted as its bases for this motion, Plaintiff's motion is denied.

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Reconsideration is denied. An appropriate form of order accompanies this opinion.

Dated: March 10, 2010

                                                        s/ Garrett E. Brown, Jr.
                                                      GARRETT E. BROWN, JR., U.S.D.J.